UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TARZ MITCHELL, | Case No. 2:12-cv-00499-MMD-RJJ |
| Plaintiff, | ORDER |
| v. | |
| GREG COX, et al., | |
| Defendants. | |

This removed *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review under 28 U.S.C. § 1915A and on plaintiff's motion (dkt. no. 10) for a preliminary injunction.

**I.    SCREENING**

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the

plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint (dkt. no. 1-2), plaintiff Tarz Mitchell seeks damages together with declaratory and injunctive relief from the following individuals, in their individual and official capacities: (a) Greg Cox, as Director of the Nevada Department of Corrections ("NDOC"); (b) Brian Williams, as Warden of Southern Desert Correctional Center ("Southern Desert"); (c) Cheryl Burson, as Southern Desert Associate Warden of Programs; (d) Frank Dressen, as Associate Warden of Operations; (e) Brian Sandoval,

///

Catherine Cortez Masto, and Ross Miller, as members of the Nevada Board of State Prison Commissioners; and (f) caseworker Tanya Hills.

In Count I, plaintiff alleges that he has been subjected to cruel and unusual punishment in violation of the Eight Amendment and denied equal protection of the laws in violation of the Fourteenth Amendment at Southern Desert by policies adopted by defendants Cox, Williams and Dressen.  Plaintiff alleges that he and other inmates are being subjected to a fire hazard because:  (a) there are no water sprinklers in the units; and (b) inmates are required during their free time to either go outside or remain locked down in their cells with the unit wing gate being locked.  Plaintiff alleges that these circumstances expose inmates to a fire hazard during an electrical fire because they would be locked behind the unit wing gate during such a fire.  He alleges that inmates were locked in their cells during such an electrical fire on March 23, 2011.  He alleges that the wing gate and room electrical locks malfunctioned during the fire and that the doors had to be manually unlocked with a key.  Plaintiff alleges that the state fire marshal told unspecified Southern Desert officials that locking inmates behind the unit wing gate constituted a fire hazard.

In Count II, plaintiff alleges that defendants Cheryl Burson and Tanya Hill would not accept his administrative grievances, which prevented his grievances from being reviewed at higher levels.  As a result, plaintiff allegedly remained in administrative segregation for 120 days because he had no administrative remedy.  Plaintiff alleges that these actions constituted retaliation for his exercise of his First Amendment right to pursue administrative grievances.

In Count III, plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and denied due process in violation of the Fourteenth Amendment.  He alleges that defendants Brian Sandoval, Catherine Cortez Masto, and Ross Miller, as members of the Nevada Board of State Prison Commissioners, failed to properly train the Southern Desert warden and assistant

///

wardens. He maintains that he was denied medical treatment for smoke inhalation because of this alleged inadequate training.

Count I states a claim for relief under the Eighth Amendment but does not state a claim under the Equal Protection Clause. There is no protection afforded under the Equal Protection Clause in this context over and above that provided by the Eighth Amendment. Not every dissimilar treatment of allegedly similarly situated individuals violates the Equal Protection Clause.

Count II states a claim for relief under the First Amendment based upon the alleged failure to accept administrative grievances. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1104-05 (9th Cir. 2011) (interference with or retaliation for interference with First Amendment right to pursue grievances).

Count III does not state a claim for relief against the supervisory officials named. The Ninth Circuit has summarized the applicable law as follows:

> . . . . We recently reaffirmed that a plaintiff may state a claim under § 1983 against a supervisor for deliberate indifference. *Starr v. Baca*, 652 F.3d 1202 (9th Cir.2011). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 1207 (internal quotation marks and citation omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998)). In order to adequately plead such a claim, "allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 1216. These factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

*Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

In the present case, the allegations of Count III are too general to state a claim for supervisory liability. The complaint does not present any nonconclusory allegations of specific fact tending to establish that Sandoval, Masto and Miller had any specific

4

knowledge that plaintiff was being denied medical care for smoke inhalation. Nor do the allegations tend to establish that Sandoval, Masto, and Miller had any direct responsibility to train the warden and/or medical workers at Southern Desert with regard to providing medical care. The complaint instead premises the alleged liability of these three officials upon their overall supervisory responsibility for oversight of the state prison system. Such conclusory allegations are insufficient to state a claim. *See, e.g., Henry A.*, 678 F.3d at 1004.

The Court will afford plaintiff an opportunity to amend to correct the deficiencies identified herein, if possible.

Plaintiff should note the following in filing an amended complaint. Although this action originally was filed in state court, the action now is governed by federal rules of procedure following removal. Under Local Rule LSR 2-1, plaintiff must file the amended complaint on the Court's required complaint form, and he must comply with all instructions for the complaint form. In particular, the specific allegations of actual fact supporting each count in the complaint must be stated within each count. *Instructions*, at 6. In the original complaint filed in state court, plaintiff presented several pages of specific factual allegations in the "Nature of the Case" section and then made more general allegations within the counts themselves. Plaintiff may incorporate allegations from a prior count in a later count by reference, but he otherwise must allege all of the supporting facts applicable to each count within the count.[1]

II. **MOTION FOR A PRELIMINARY INJUNCTION**

In the motion for a preliminary injunction, plaintiff seeks an order: (a) directing defendants to open the wing gates and discontinue the policy of requiring inmates to be locked down in their cells if they do not go outside during their free time; (b) providing for court monitoring of fire hazards at Southern Desert until conditions are brought

---

[1] In the "Nature of the Case" portion of the form, plaintiff should give only a brief general overview of the factual basis for the action. Under the instructions, "[t]his is not the place to provide detailed information about what each defendant did to violate your rights – that should be done in" the counts. *Instructions*, at 6.

1  above minimum constitutional standards; and (c) directing defendants to properly train
2  officers in fire safety and evacuation procedures.

3        A party seeking a preliminary injunction must demonstrate:  (1) a likelihood of
4  success on the merits; (2) that he is likely to suffer irreparable harm in the absence of
5  preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an
6  injunction is in the public interest.  *See,e.g., Meyer v. Portfolio Recovery Associates,*
7  *LLC*, 696 F.3d 943, 949 (9th Cir. 2012).

8        The Court is not persuaded by defendants' suggestion that plaintiff may not file a
9  motion for a preliminary injunction before a screening order is issued.  Defendants urge
10 that, without a screening order, their counsel is effectively precluded from determining
11 whether the Court has personal jurisdiction over the defendants and subject matter
12 jurisdiction over the action.[2]  There is no good faith argument in this case that the Court
13 lacks either personal jurisdiction over the defendants or subject matter jurisdiction over
14 the action.  A Nevada inmate is suing Nevada state officials for alleged federal civil
15 rights violations committed at a state prison in Nevada.  Defendants removed this action
16 to federal court on the basis of federal question jurisdiction.  If that jurisdiction in truth is
17 not discernible even to the counsel who removed the case, then the Court will remand
18 the matter forthwith.  Otherwise, defense counsel does not need a screening order
19 confirming the obvious presence of personal jurisdiction and subject matter jurisdiction
20 to respond to a motion for preliminary injunctive relief.  Nor is an inmate required to wait
21 for a screening order to seek such relief.

22       The Court also is not persuaded by defendants' suggestion that plaintiff first must
23 establish that he has exhausted administrative remedies before seeking preliminary
24 injunctive relief.  Lack of administrative exhaustion is an affirmative defense as to which
25 defendants, not plaintiff, have the burden both of articulation and proof.  *Jones v. Bock*,
26 549 U.S. 199 (2007).  An inmate thus need not affirmatively establish exhaustion of
27 administrative remedies in order to seek preliminary injunctive relief.  Moreover, plaintiff

---

[2] Dkt. no. 11, at 6-7.

6

alleges in this particular case in Count II that defendants Burson and Hill interfered with his ability to present administrative grievances.

The Court is not persuaded, however, that plaintiff has demonstrated a likelihood of success on the merits on the showing made. Plaintiff asserts in his supporting declaration that he heard the state fire marshal tell "the defendants" at some unspecified time and location during an inspection of his unit that closing the unit wing gates was a fire hazard. Even if the Court were to assume *arguendo* that plaintiff happened to be present when the state fire marshal discussed fire code compliance with unspecified defendants, the alleged hearsay statement in question could not constitute evidence of the truth of the matter asserted. Such an alleged hearsay statement could establish only notice of what the fire marshal allegedly said to, again, unspecified defendants at an unspecified time.

The Court accordingly will deny the motion on the showing made.

IT IS THEREFORE ORDERED that the following claims are DISMISSED: (a) the equal protection claim but not the Eighth Amendment claim in Count I; and (b) Count III in its entirety. Dismissal is subject to leave to amend within thirty (30) days of entry of this order. If plaintiff does not timely amend and correct the deficiencies identified herein, the action will proceed forward only on the claims that have not been dismissed. If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action.

IT IS FURTHER ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:12-cv-00499-MMD-RJJ, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

1    IT IS FURTHER ORDERED that petitioner's motion (dkt. no. 10) for a preliminary injunction is DENIED.

2    The Clerk shall provide plaintiff with a copy of the complaint (dkt. no. 1-2) together with two copies of a § 1983 complaint form and one copy of the instructions for same.

DATED THIS 17th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE