UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TARZ MITCHELL, | Case No. 2:12-cv-00499-MMD-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| GREG COX, et al., | |
| Defendants. | |

This prisoner civil rights action comes before the Court: (a) on multiple motions (dkt. nos. 18, 24, 26, 29 and 34) filed by plaintiff, which are described in greater detail, *infra*; (b) on defendants' motion (dkt. no. 19) to remove former counsel from the service list; and (c) for initial review of an amended complaint (dkt. no. 22) filed by plaintiff. The Court will address a motion (dkt. no. 16) for joinder filed by another inmate in a separate order in due course.

**I.  PENDING MOTIONS**

As backdrop, this action was removed to this Court on March 26, 2012. Plaintiff filed a motion for a preliminary injunction on September 13, 2012. On December 17, 2012, the Court issued a fairly extensive screening order (dkt. no. 13) addressing the multiple claims presented and the motion for a preliminary injunction. Under the screening order, plaintiff had until January 16, 2013, to file an amended complaint correcting deficiencies in claims presented in the original complaint.

Plaintiff did not file an amended complaint within the time allowed. Plaintiff thereafter filed four motions (dkt. nos. 18, 24, 26, and 29) requesting a status check or "for judicial notice." In the four motions, plaintiff sought issuance of a screening order. The motions thus would suggest that plaintiff was not aware that the Court had issued a screening order and provided him an opportunity to file a corrective amended complaint. Plaintiff ultimately speculates that his mail from the Court was lost or intentionally withheld from him.[1]

Meanwhile, plaintiff did file an amended complaint (dkt. no. 22) on February 12, 2013. However, it does not appear either from the pleading itself or from plaintiff's other filings that the pleading was filed in response to the screening order. As discussed further in the next section of this order, the pleading does not correct the deficiencies identified in the screening order. Further, the primary occasion for the amended complaint apparently was to add an additional count.

On April 26, 2013, plaintiff filed a motion (dkt. no. 34) styled as a "motion to waive status checks and judicial notice, for request the court set forth discovery order." The motion seeks, *inter alia*: (a) "waiver," *i.e.*, withdrawal, of the prior motions because plaintiff had obtained a copy of the screening order only on April 6, 2013; and (b) an order directing discovery.

The Court will grant the most recent motion (dkt. no. 34) to the extent that it seeks to withdraw plaintiff's prior four motions (dkt. nos. 18, 24, 26, and 29).

The Court will deny all remaining requests for relief therein. At the outset, plaintiff may not combine multiple requests for relief within a single motion, and the Court will not consider such combined requests for relief. Discovery in any event is

---

[1] The Court notes that after the December 17, 2012, screening order was mailed, plaintiff's notice of change of address dated November 29, 2012, was filed on January 4, 2013. In a later filing (dkt. no. 34), plaintiff asserts that he was moved to the new address on December 31, 2012. It is not inconceivable that this sequence of events, rather than sinister design, led to plaintiff allegedly not receiving a copy of the screening order. There are both mailing and docketing delays associated with hard copy paper filings.

premature at this point. The next necessary step in this case is that the Court again will afford plaintiff an opportunity to file an amended complaint correcting the deficiencies in the prior pleadings. Once that step is cleared, either by the filing and screening of an amended complaint or the passing of the reset deadline, the case then will be stayed for ninety (90) days for a mediation or settlement opportunity. Plaintiff states in the motion that he does not and will not want to participate in such a process. To use the institutional vernacular, plaintiff is not calling the shots in this case. Once the screening stage is completed, the matter will be stayed for ninety (90) days for the inmate mediation and settlement program.

With regard to the overall issue of delay, disposition of filings in this matter is not being delayed by civil litigation generally but instead by the disposition of other prisoner filings. The Court has a heavy docket, including a heavy docket of prisoner filings. Nearly all such filings allege a violation of the Constitution, and the Court endeavors to reach all such filings as promptly as it is able. It, of course, cannot reach and resolve all such filings at the same time. Motions for, *e.g.,* a status check, for judicial notice, and/or to expedite do not provide the Court a basis to put one inmate's filings ahead of another inmate's filings.

The Court in particular will not grant motions for a status check. Local Rule LR 7-6(b) provides the procedure to follow when a submission has been pending. A party may send a letter to the Court at the expiration of sixty (60) days after a matter has been or should have been submitted if a ruling has not been issued. The Court thereafter does not respond to the letter, but the letter is designed to assure that a submission has not "fallen through the cracks." Such occurrences are rare given the electronic docketing system. Again, more typically, a delay in disposition of a particular filing is simply because of the time required to address other filings. Meanwhile, if plaintiff, who is not currently proceeding *in forma pauperis* on the record herein, would like a copy of the docket sheet, he can obtain a copy from the Clerk by paying the required charges, just as any other litigant can.

1 The remaining motion addressed in this order, defendant's motion to remove former counsel from the service list (dkt. no. 19), will be granted. If a deputy attorney general wishes to appear in lieu of another deputy attorney general, counsel should use a form for notice of appearance similar to dkt. no. 30 rather than dkt. no. 17. As was just stated, the Court has a heavy docket. It would prefer not to have to expend judicial resources on what otherwise normally is a routine, automatic matter that does not require an order.

**II.     AMENDMENT OF THE PLEADINGS**

As noted in the prior section, the amended complaint (dkt. no. 22) was not filed in response to the screening order. Service was effected in this removed case at least in part prior to the removal. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within twenty-one (21) days after serving it. Otherwise, consent of the adverse party or leave of court is required to amend. No motion for leave to amend was submitted with the amended complaint, and the pleading was not submitted in response to the leave granted by the screening order. The pleading therefore will be stricken for noncompliance with Rule 15, albeit without prejudice to filing another amended pleading as discussed further below.

The Court will afford plaintiff another opportunity to file an amended complaint correcting the deficiencies identified in the prior screening order (dkt. no. 13), as well as to seek to add claims if he wishes.

Plaintiff should note the following with regard to the stricken amended complaint (dkt. no. 22), over and above what was stated in the prior order (dkt. no. 13) directed specifically to the original complaint.

First, as stated in the prior screening order, plaintiff may not use the "Nature of the Case" section of the complaint form to make extensive factual allegations. *See* dkt. no. 13, at 5 & n.1. The stricken amended complaint sets forth thirteen (13) paragraphs of specific factual allegations spanning four pages in the "Nature of the Case" section. Plaintiff must allege his factual allegations within the counts themselves, and he may

provide only a brief overview in the "Nature of the Case." The matter will proceed forward only after plaintiff complies with the Court's directives.

Second, neither Count I nor Count IV in the stricken pleading state a claim for relief under the Equal Protection Clause. *See* the discussion as to Count I in dkt. no. 13, at 4.

Third, Count III therein fails to state a claim as alleged. *See* dkt. no. 13, at 4-5.

Fourth, plaintiff's claims for injunctive relief regarding Southern Desert Correctional Center are moot following his transfer to High Desert State Prison.

## III. CONCLUSION

IT IS THEREFORE ORDERED that the amended complaint (dkt no. 22) is STRICKEN without prejudice and that plaintiff shall have thirty (30) days from entry of this order to mail to the Clerk for filing an amended complaint that corrects the deficiencies identified in the prior screening order (dkt. no. 13), as well as to seek to add additional claims. No motion for leave to file will be required for an amended pleading submitted *in response to this order.* If plaintiff does not timely amend and correct the deficiencies identified in the prior order and this order, the action will proceed forward, as to prior claims, only on the claims that were not dismissed in the prior order (dkt. no. 13). If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action.

IT IS FURTHER ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:12-cv-00499-MMD-NJK, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

///

IT IS FURTHER ORDERED that plaintiff's motion (dkt. no. 34) styled as a "motion to waive status checks and judicial notice, for request the Court set forth discovery order" is GRANTED IN PART and DENIED IN PART. The motion (dkt. no. 34) is granted to the extent that plaintiff seeks to withdraw his prior motions (dkt. nos. 18, 24, 26, and 29), which motions hereby are WITHDRAWN. The motion (dkt. no. 34) is in all other respects DENIED.

IT IS FURTHER ORDERED that defendants' motion (dkt. no. 19) to remove former counsel from the service list is GRANTED, such that the Clerk shall terminate Kara Krause LeGrand as an attorney to be noticed herein as counsel for defendants.

The Clerk of Court further shall send plaintiff: (a) two (2) copies of a § 1983 complaint form; (b) one (1) copy of the instructions for the form; (c) a copy of the original complaint (dkt. no. 1-2) and a copy of the stricken amended complaint (dkt. no. 22); (d) a copy of the prior screening order (dkt. no. 13); (e) a copy of the current docket sheet without charge; and (f) the Clerk's standard fee schedule that includes the charges applicable for obtaining a copy of a docket sheet. The Clerk further shall affirmatively reflect in the docket entry for this order that the materials described in subparagraphs (a) through (e) above were mailed to plaintiff with the order.

DATED THIS 14th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE