1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

TARZ MITCHELL,

                Plaintiff,

   v.

GREG COX, et al.,

             Defendants.

Case No. 2:12-cv-00499-MMD-NJK

ORDER

This removed prisoner civil rights action comes before the Court on a motion for permissive joinder by another inmate at a different institution (dkt. no. 16).

**I.    BACKGROUND**

Movant John B. Odoms seeks to join in an action filed by plaintiff Tarz Mitchell.

At the time that the motion for joinder was filed, Mitchell sought to present multiple constitutional claims arising out of, *inter alia*, an alleged electrical fire in B wing of Unit 3 at Southern Desert Correctional Center ("Southern Desert") on March 23, 2011.  He alleged, *inter alia*, that conditions at Southern Desert posed a fire hazard because: (a) there were no water sprinklers in the units; and (b) inmates were required by prison operating procedures to remain behind a locked unit wing gate unless they went out on the yard during free time.   He presented multiple additional claims, including claims for alleged denial of adequate medical care following the fire and for allegedly being placed in administrative segregation in retaliation for his pursuit of grievances.  He sought damages as well as injunctive relief. *See* dkt. no. 13, at 2-4 (screening order); dkt. no. 1-2 (original complaint).  Mitchell since has filed an amended

complaint (dkt. no. 39) in response to a screening order, which asserts multiple additional claims pertaining only to Mitchell individually and which currently is pending for screening.

Neither plaintiff Mitchell nor movant Odoms currently are housed at Southern Desert.  Nor are they incarcerated in the same facility currently.  Mitchell currently is held at High Desert State Prison ("High Desert"), in the southern end of the state approximately an hour drive from Las Vegas, Nevada.  Odoms currently is held at Northern Nevada Correctional Center ("NNCC"), a full day drive away at the other end of the state, near Reno, Nevada.

Movant Odoms did not present a pleading with claims with his motion.  Further, given the logistics associated with the distances referenced in the preceding paragraph, he clearly has not signed, or would have a practical opportunity to review and sign, as co-plaintiff on any of plaintiff Mitchell's pleadings.

Odoms makes the following factual assertions in his motion.  According to Odoms, he was transferred from High Desert to Southern Desert in February 2012 — nearly a full year after the alleged March 23, 2011, fire involving Mitchell.  He alleges that he was placed in B wing of Unit 1 and also in Unit 2 at some undefined point — different units than the Unit 3-B in which Mitchell previously was housed.

Odoms refers to the alleged absence of water sprinklers in the units, but he then asserts that, "more important," there was no desk or chair to sit on in the cell and that the lighting was poor.  He refers additionally to a lack of handicap showers.  Odoms maintains, however, that the "true danger" presented was overcrowding in Units 1 and 2, which he alleges violated the Americans with Disabilities Act and an alleged building code.

Odoms prays for joinder but presents no request for relief specifying what relief that he might seek on any underlying constitutional claims that he might wish to assert. Nor does he present any allegations tending to establish that he currently can present

///

2

justiciable claims for injunctive relief regarding alleged conditions at Southern Desert at a time when he instead is incarcerated at NNNC.

**II.    DISCUSSION**

Rule 20(a)(1) of the Federal Rules of Civil Procedure provides:

> (1)  ***Plaintiffs.***  Persons may join in one action as plaintiffs if:
>
> (A)    they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)    any question of law or fact common to all plaintiffs will arise in the action.

Odoms has not satisfied this standard for permissive joinder.  His claims arise out of his incarceration at a different time and in different units than the unit in which Mitchell was incarcerated, and he was not even housed at Southern Desert when the alleged March 23, 2011, fire occurred.  The only common feature presented in the two inmates' papers is that both refer to the absence of water sprinklers.  However, Mitchell refers to this condition in the context of an alleged actual fire in Unit 3-B in which he claims he was injured through smoke inhalation.  Odoms refers to this condition without any indication of having suffered any actual injury or compensable damage as a result and in a situation where he does not present a justiciable claim for injunctive relief given that he is no longer at the facility.  He would not be able to pursue a viable claim in this regard.  There thus is no viable commonality between claims presented by Mitchell and claims presented by Odoms vis-à-vis water sprinklers.

The claims and allegations presented by Mitchell and Odoms otherwise present no common transaction, occurrence, or series of transactions or occurrences, as each inmate refers to different conditions and occurrences in different units that did not involve the other inmate.  A viable basis for permissive joinder does not arise merely because the inmates each were housed at one time or another at Southern Desert and

3

both complain of sundry conditions or occurrences at Southern Desert. If Odoms satisfied Rule 20(a)(1) based on the showing made, then essentially any inmate who had a pending claim regarding conditions or occurrences at Southern Desert at any time would have a basis for permissive joinder in this action.  That is not the law.

Moreover, even if the Court were to assume that Odoms had satisfied the standard for permissive joinder, which he has not, the Court in any event would sever the claims and plaintiffs into separate actions.

As the Court discussed in the July 1, 2013, ruling in *Quintero v. Palmer*, Case No. 3:13-cv-00008-MMD-VPC, the joinder rules do not eliminate the requirement that each prisoner ultimately must pay a full filing fee of $350.00 pursuant to the Prison Litigation Reform Act (PLRA).  Assuming satisfaction of that requirement, the normal joinder rules otherwise apply fully in prisoner litigation to permit joinder of claims by multiple co-plaintiff prisoners.  However, the district court nonetheless retains discretion under Rule 21 to sever claims and parties where severance would serve the ends of justice and further the prompt and efficient disposition of the litigation.

In the present case, it requires no extensive analysis to come to the readily apparent conclusion that trying the extensively unrelated claims of Mitchell and Odoms together neither would serve the ends of justice nor further the prompt and efficient disposition of the litigation.  There is no practically realistic way for Mitchell and Odoms to pursue their claims jointly in the same litigation.  The Court is presented with plaintiffs housed in two different institutions pursuing claims regarding yet a third institution. There are no practical means for the two inmates to jointly prepare, review and sign filings.  In that regard, the Court is not going to order the state corrections department to transfer one or both inmates and thereafter house them together at the same institution during the life of the case so that they can jointly pursue such widely disparate claims from the same institution. Odoms' mere request to pursue such claims in the same action does not override the department's interests in the efficient and secure administration of a large state prison system.  Further, neither inmate is an attorney

4

such that neither inmate may sign filings for the other. There thus is no reasonably plausibly available manner for this matter to be litigated as a joint action.

Accordingly, in the alternative, even if Odoms otherwise had established a basis for permissive joinder under Rule 20(a)(1), which he has not, and had satisfied the filing fee requirement, which he has not, the Court would sever the claims and plaintiffs under Rule 21.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that the motion for permissive joinder (dkt. no. 16) is DENIED.

The Clerk additionally shall send a hard copy of this order to movant Odoms at the Northern Nevada Correctional Center address and shall note said transmittal in the docket entry for this order.

DATED THIS 7th day of August 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE