# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TARZ MITCHELL, <br>                 Plaintiff(s), <br> vs. <br> GREG COX, et al., <br>                 Defendant(s). | Case No. 2:12-cv-00499-RFB-NJK <br><br> ORDER DENYING MOTIONS <br><br> (Docket Nos. 62, 64) |

      Pending before the Court is Plaintiff's motion to compel. Docket No. 62. Defendants filed a response in opposition. Docket No. 63. No reply was filed. For the reasons discussed more fully below, that motion is hereby **DENIED**. Also pending before the Court is Plaintiff's motion for a hearing. Docket No. 64. The Court finds that a hearing is not necessary on the pending motion to compel, so the motion for a hearing is also **DENIED**.

      The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." These requirements continue to apply in the context of prisoner civil rights litigation, though the court does not require "personal consultation" and that requirement can instead be met through an exchange of letters. *See Jones v. Zimmer*, 2014 U.S. Dist. Lexis 167750, *9-10 & n.6 (D. Nev. Dec. 2, 2014).

In this case, the relief sought through the motion to compel and the discovery dispute itself are not entirely clear.[1] It is clear, however, that a sufficient meet-and-confer was not conducted by Plaintiff prior to filing his motion. Instead, 30 days after serving his discovery, Plaintiff sent Defendants' counsel a letter indicating that they had failed to timely respond to his discovery requests. *See* Docket No. 62 at 11. As Defendants point out, however, they are entitled to 33 days to respond to the discovery requests in light of the three extra days allotted when service is accomplished by mail. *See* Fed. R. Civ. P. 6(d); *see also Aevoe Corp. v. AE Tech Co.*, 2013 WL 4701192, *1 (D. Nev. Aug. 30, 2013). Moreover, Defendants assert that the discovery requests were indeed timely provided after Plaintiff sent his letter. *See* Docket No. 63 at 2. It does not appear that any further meet-and-confer took place.

Defendants' response to the motion to compel indicates that their counsel would set up a telephonic meeting with Plaintiff to discuss any discovery disputes. *See id.* at 3. No further filings have been made on the pending motion, including a reply brief.[2] In short, the motion to compel itself was defective for the reasons discussed above. Moreover, it appears that the parties have likely resolved amongst themselves any discovery dispute. To the extent that is not the case, the briefing before the Court is not sufficiently developed for the Court to resolve any discovery dispute. Accordingly, the motion to compel is hereby **DENIED**.

Because the Court denies the motion to compel and finds a hearing unnecessary, it also **DENIES** the motion for a hearing.

IT IS SO ORDERED.

DATED: December 11, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff lists various discovery responses, and then appears to indicate that either no response was provided or insufficient responses were provided. *See* Docket No. 62. To the extent Plaintiff believes responses that were received were insufficient, he was required to attach the responses to his motion so that the Court could evaluate them. *See* Local Rule 26-7(a).

[2] The Court received Plaintiff's motion for telephonic hearing on November 13, 2014, but that motion was mailed to the Court on November 8, 2014, before Defendants filed their response to the motion to compel. *See* Docket No. 64 at 3.